FILED

2016 JUL 12 PM 4:05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0719
    Facsimile: (213) 894-6269
    E-mail:    poonam.kumar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-**CR 16 00489** |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JULIO CARO |
| v. | |
| JULIO CARO, | |
| Defendant. | |

    1.    This constitutes the plea agreement between JULIO CARO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form

attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Interstate Transportation of Stolen Property in violation of 18 U.S.C. § 2314.

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement.

   d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

   g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

   h. Make restitution and not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

<u>THE USAO'S OBLIGATIONS</u>

3. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, provided that defendant

demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

    d.   Recommend that the Court vary downward in offense level by four levels based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), including, specifically, defendant's lack of criminal history, the apparent aberrant nature of the offense, defendant's extraordinary acceptance of responsibility, and the apparent low risk of recidivism.

    e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 15 or higher (after application of a four-level variance) and provided that the Court does not further reduce the offense level or reduce the criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, interstate transportation of stolen property, in violation of Title 18, United States Code, Section 2314, the following must be true: (1) defendant transported, transmitted, or transferred stolen property between one state and another; (2) at the time the property crossed the state border, defendant knew it was stolen; (3) defendant intended to deprive the

owner of the ownership of the property temporarily or permanently; and (4) the money or property was of the value of $5,000 or more.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2314, is: 10 years of imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result of any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. The parties currently believe that the applicable amount of restitution is approximately $1,487,529, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised

4

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between July 2009 and July 2014, defendant Julio Caro knowingly and intentionally stole approximately $1,487,529 in funds from Yucaipa Corporate Initiatives Fund I, LP ("Yucaipa") and then, knowing the funds were stolen, transferred at least $210,513 across state borders with the intent to permanently deprive Yucaipa of its ownership of the funds.

On or about February 28, 2005, defendant Julio Caro entered, through his company, Broken Rose Productions, Inc. ("Broken Rose"), into a limited liability agreement ("LLC agreement") with Yucaipa Corporate Initiatives Fund I, LP ("Yucaipa"). The resulting LLC was called R-Caro Productions, LLC ("R-Caro") and, under the LLC agreement, R-Caro was to produce and distribute several independent films. By the terms of the LLC agreement, Yucaipa was required to and did provide a capital contribution to R-Caro. By the terms of the LLC agreement, Yucaipa was required to receive all available cash, as defined in the agreement, until it had received a 100% return on its capital contribution and a 10% rate of return. Available cash, as defined in the LLC agreement, included all cash R-

Caro had on hand less all R-Caro operating expenses and outstanding and unpaid current obligations of R-Caro. At no point did Yucaipa recover 110% of its capital contribution. Pursuant to the terms of the LLC agreement, defendant Caro was a member of the LLC and Vice President of R-Caro.

In addition to other films, R-Caro produced and distributed the film "Homie Spumoni," which was distributed by Warner Brothers Entertainment, Inc. ("Warner Brothers"). Warner Brothers sent to R-Caro distribution proceeds for the film to which Yucaipa was entitled. However, defendant Caro stole these funds and used these funds to pay for his personal expenses, including, but not limited to, his mortgage and car lease payments. At no time did defendant Caro notify Yucaipa of the receipt of the funds from Warner Brothers to which defendant Caro knew Yucaipa was entitled.

In or around September 2012, defendant Caro was asked by Yucaipa personnel regarding the source of funds contained in an account in R-Caro's name. In order to further and conceal his theft, defendant Caro told Yucaipa personnel that he was holding funds belonging to others in the account, when in truth and in fact, the funds in the account in or around September 2012 were distribution proceeds from Warner Brothers on the "Homie Spumoni" film to which Yucaipa was entitled. Defendant's position of trust with regards to the LLC and Yucaipa significantly facilitated the commission and concealment of the offense because defendant Caro's misrepresentations and omissions as Vice President and LLC member made detection of the offense and defendant Caro's responsibility for the offense more difficult.

On or about July 19, 2013 and on or about July 17, 2014, defendant Caro received checks payable to R-Caro for $144,347 and

$66,166, respectively, from Warner Brothers, which defendant Caro then transported, transmitted, and transferred, on or about the same dates, through United States mail to New Jersey. At the time defendant Caro sent the funds to New Jersey, he knew the funds were stolen and intended to permanently deprive Yucaipa of its ownership of the funds.

In total, between July 2009 and July 2014, defendant Caro stole and used for his personal purposes approximately $1,487,529 in funds, which belonged entirely to Yucaipa.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | [U.S.S.G. § 2B1.1(a)(1)] |
| Specific Offense Characteristics: | | |
| Loss of More than $550,000 and | +14 | [U.S.S.G. § 2B1.1(b)(1)] |

| | | | |
|---|---|---|---|
| Less than $1,500,000 | | | |
| Adjustments: | | | |
| Abuse of Position of Trust | +2 | [U.S.S.G. § 3B1.3] | |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1] | |
| Total Offense Level: | 19 | | |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraph 3) are met. Subject to paragraph 23 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

1         a.    The right to persist in a plea of not guilty.

2         b.    The right to a speedy and public trial by jury.

3         c.    The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

        d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.    The right to confront and cross-examine witnesses against defendant.

        f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 24 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $1,487,529; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 18 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: (a) the amount of restitution ordered if that amount is less than $1,487,529;

RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was

11

involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND PROBATION OFFICE NOT PARTIES

22. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

25. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

EILEEN M. DECKER
United States Attorney

/s/ POONAM G. KUMAR                        7/11/16
POONAM G. KUMAR                            Date
Assistant United States Attorney

/s/ JULIO CARO                             06/28/2016
JULIO CARO                                 Date
Defendant

/s/ JENNIFER UYEDA                         6/28/16
JENNIFER UYEDA                             Date
Attorney for Defendant JULIO CARO


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

14

of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          06/28/2016
JULIO CARO                                  Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Julio Caro's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

1. JENNIFER UYEDA  
   Attorney for Defendant Julio Caro

   Date: 6/28/16

# EXHIBIT A

FILED

2016 JUL 12 PM 4:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIO CARO,<br><br>Defendant. | CR No. CR 16 00489<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 2314: Interstate Transportation of Stolen Property] |

The United States Attorney charges:

[18 U.S.C. § 2314]

On or about July 19, 2013, within the Central District of California and elsewhere, defendant JULIO CARO knowingly and intentionally transported, transmitted, and transferred, in interstate commerce, from the State of California to the State of New

//
//

Jersey, money of the value of at least $5,000, knowing the same to have been stolen, converted, and taken by fraud.

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

GEORGE S. CARDONA
Assistant United States Attorney
Chief, Major Frauds Section

JILL FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

POONAM G. KUMAR
Assistant United States Attorney

2