EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-489-GHK |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: November 7, 2016 |
| JULIO CARO, | Hearing Time: 11:00 A.M. |
| Defendant. | Location:    Courtroom of the Hon. George H. King |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Poonam G. Kumar, hereby files its sentencing position.

//

//

This position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 24, 2016          Respectfully submitted,

                                      EILEEN M. DECKER
                                      United States Attorney

                                      LAWRENCE S. MIDDLETON
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                       /s/
                                      POONAM G. KUMAR
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On August 8, 2016, defendant Julio Caro ("defendant") pleaded guilty to a one-count information charging him with interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. During his written plea agreement and the plea colloquy before this Court, defendant admitted to stealing nearly $1.5 million from his investment partner between 2009 and 2014 and transporting at least $210,513 of these funds across state borders with the intent of permanently depriving his partner of its ownership of the funds.

For the reasons set forth below, the government submits that a sentence that includes 18 months of imprisonment and three years of supervised release is justified and appropriate.

**II.  THE PRESENTENCE REPORT**

On October 3, 2016, the United States Probation Office ("USPO") issued the presentence investigation report ("PSR").  The USPO's calculation of the Sentencing Guidelines was in accordance with the plea agreement filed in this matter.  The USPO determined that defendant's base offense level was 6 in accordance with U.S.S.G. § 2B1.1(a)(2). (PSR ¶ 26.)  The USPO then applied a fourteen-level increase for a loss of more than $550,000, but not more than $1,500,000. (PSR ¶ 27.)  The USPO applied an additional two-level increase pursuant to U.S.S.G. § 3B1.3, finding defendant abused his position of private trust. (PSR ¶ 29.)  Finally, the USPO applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a), 3E1.1(b). (PSR ¶¶ 33, 34.)  The government agrees with the reduction for acceptance of responsibility and moves

for the one-level reduction pursuant to U.S.S.G. § 3E1.1(b).  This calculation yields a total offense level of 19.

The PSR determined that defendant is in criminal history category I.  (PSR ¶ 40.)  Together, defendant's criminal history category of I and offense level of 19 yields a Guideline sentencing range of 30 to 37 months of imprisonment.  The government concurs in the calculation of the Guideline range.

### III. THE GOVERNMENT'S SENTENCING RECOMMENDATION PURSUANT TO THE 18 U.S.C. § 3553(a) FACTORS

The government recommends a sentence of 18 months of imprisonment, three years of supervised release, no fine, and a mandatory special assessment of $100.  The government's recommendation is appropriate and justified in light of the factors set forth under 18 U.S.C. § 3553(a), namely, the nature and circumstances of the offense, the history and characteristics of defendant, the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence to criminal conduct, and the need to avoid unwarranted sentencing disparities.  The government's recommendation reflects a four-level downward variance from the calculated Guideline range for the reasons set forth below.[1]

First, the nature and circumstances of the offense are serious.  See 18 U.S.C. § 3553(a)(1).  Between July 2009 and July 2014, defendant knowingly and intentionally stole $1,487,529 in funds from

---

[1] In its disclosed recommendation letter, the USPO recommended 12 months of imprisonment, which reflects a six-level variance from the calculated Guideline range.  To be clear, the government's variance is calculated from the calculated advisory Guideline range of 30 to 37 months, based on a total offense level of 19 and a criminal history category of I.

2

Yucaipa Corporate Initiatives Fund I, LP ("Yucaipa") and then, knowing the funds were stolen, transferred at least $210,513 across state borders with the intent to permanently deprive Yucaipa of its ownership of the funds.  Defendant's theft stemmed from a limited liability agreement ("LLC agreement") he signed with Yucaipa, through which Yucaipa would invest in the LLC, R-Caro Productions, LLC, and defendant would produce and distribute films.  Yucaipa was due all cash received from the funds until it had recovered 110% of its capital contribution.  When defendant began receiving distribution checks from Warner Brothers, however, he did not send those checks to or even notify Yucaipa.  Rather, he cashed those checks and used those funds to pay for his personal expenses, including, but not limited to his mortgage and car lease payments.  The government does note that the checks from Warner Brothers appear to have been sent to defendant in error and defendant capitalized on that mistake and his position of trust with Yucaipa by stealing them.  Defendant did not, however, orchestrate a scheme by which the funds would be directed to him; rather, it appears that the crime was one of opportunity.

While this crime is serious for both his victim and this community, defendant did accept responsibility early and before the intervention of law enforcement.  While defendant initially lied to Yucaipa in 2012, defendant did admit to the theft to Yucaipa when confronted in 2014.  He gave a written statement admitting to the conduct to Yucaipa and provided documents demonstrating the extent of his theft.  When interviewed by the FBI in this matter, defendant again admitted to what he had done and remained in contact with the FBI agents throughout the pendency of this matter.  When the

prosecution was initiated by the United States Attorney's Office, defendant pleaded guilty early and in his plea agreement admitted to all of the appropriate sentencing factors, the full loss amount, and full restitution. The government submits that this extraordinary acceptance of responsibility is a significant mitigating factor warranting a variance in this matter.

Second, defendant's history and characteristics are particularly relevant here and form another basis for the requested variance. See 18 U.S.C. § 3553(a)(1). Defendant is 57 years old and is an accomplished film producer. He has no criminal history and appears to have had no law enforcement contacts prior to the instant case. Not only successful in his professional life, defendant also appears to be an involved and caring father to his two children. At bottom, the instant criminal behavior, while serious, appears to be aberrant behavior in an otherwise law-abiding life.

Third, the government's recommended sentence addresses the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of defendant. See 18 U.S.C. § 3553(a)(2). The requested sentence is justified in order to adequately punish the serious crime defendant committed and ensure adequate general deterrence. With regards to specific deterrence, defendant is in criminal history category I and the term of imprisonment imposed in this case will be defendant's first time in prison; this will undoubtedly have a marked deterrent impact on defendant. Based on these facts and defendant's history and characteristics, the government believes defendant's recidivism risk is lower than

similarly-situated defendants.  The government submits that a sentence of 18 months – reflecting a four-level variance from the calculated Guidelines range – in federal prison will appropriately strike the balance of protecting the public from further crimes and deterring defendant and other individuals from committing similar offenses.

Lastly, the government believes that a sentence of 18 months avoids unwarranted sentencing disparities with other defendants in similar circumstances as defendant.  As set forth above, the government has considered the various aggravating and mitigating factors present in defendant's case.  Particularly, defendant's history and characteristics and extraordinary acceptance of responsibility separate defendant from others.  Following consideration of these factors, the government submits that a sentence of 18 months of imprisonment is appropriate and justified in this case.

**IV.   SUPERVISED RELEASE, RESTITUTION, AND FINE**

In addition to a term of imprisonment of 18 months, the government recommends a three-year term of supervised release.  Given the seriousness of the instant offense, the imposition of supervised release would provide a needed additional incentive for defendant to refrain from committing additional crimes.

Pursuant to 18 U.S.C. § 3663A, restitution is mandatory.  The government concurs with the USPO that restitution in the amount of $1,487,529 should be ordered payable to Yucaipa.  Based on defendant's reported financial condition, it does not appear that defendant has the ability to pay a fine in this case.

5

V. **CONCLUSION**

For the foregoing reasons, the government respectfully submits that the Court impose a sentence of 18 months of imprisonment, a three-year term of supervised release, and a $100 special assessment.