1      UNITED STATES DISTRICT COURT

2    CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3      HONORABLE GEORGE H. KING, U.S. DISTRICT JUDGE

4                    - - -

5

6

7                                    )
     UNITED STATES OF AMERICA,        )
8                                     )
                        PLAINTIFF,    )
9                                     )
            vs.                       ) No. CR16-489-GHK
10                                    )
     JULIO CARO,                      )
11                                    )
                        DEFENDANT.    )
12   _____)

13

14

15      REPORTER'S TRANSCRIPT OF GUILTY PLEA

16          LOS ANGELES, CALIFORNIA

17         MONDAY, AUGUST 8, 2016

18              2:58 P.M.

19

20

21

22   _____

23      CINDY L. NIRENBERG, CSR 5059, FCRR
          U.S. Official Court Reporter
24         255 East Temple Street
           Los Angeles, CA 90012
25          *www.msfedreporter.com*

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1    APPEARANCES OF COUNSEL:

 2

 3    FOR THE PLAINTIFF:
                          OFFICE OF THE UNITED STATES ATTORNEY
 4                        BY: POONAM KUMAR,
                              ASSISTANT U.S. ATTORNEY
 5                        312 NORTH SPRING STREET
                          13TH FLOOR
 6                        LOS ANGELES, CA 90012
                          213-894-2434
 7

 8

 9

10

11

12    FOR THE DEFENDANT:
                          OFFICE OF THE FEDERAL PUBLIC DEFENDER
13                        BY: JENNIFER UYEDA,
                              DEPUTY FEDERAL PUBLIC DEFENDER
14                        321 EAST 2ND STREET
                          LOS ANGELES, CA 90012
15                        213-894-2854

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, AUGUST 8, 2016

 2                          2:58 P.M.

 3                       -  -  -  -  -

 4            THE CLERK:  Calling item Number 7, case Number

 5    CR1-489, United States of America versus Julio Caro.

 6            Counsel, please state your appearances.

 7            MS. KUMAR:  Good afternoon, Your Honor.  Poonam Kumar

 8    on behalf of the United States.

 9            THE COURT:  Yes, good afternoon.

10            MS. UYEDA:  Good afternoon, Your Honor.  Jennifer

11    Uyeda on behalf of Julio Caro, who is present and out of

12    custody.

13            THE COURT:  Yes, good afternoon.

14            All right.  I take it this will be an offer of a plea

15    of guilty pursuant to the plea agreement to the single-count

16    Information; is that right, Ms. Uyeda?

17            MS. UYEDA:  Yes, Your Honor.

18            THE COURT:  All right.  First, let me note for the

19    record that there is a Waiver of Indictment form on file, and

20    it was filed on or about July 12, 2016.  And I don't know which

21    judicial officer it was before.  I can't tell by the signature.

22            MS. UYEDA:  Judge Mumm, Your Honor.

23            THE COURT:  Judge Mumm?

24            MS. UYEDA:  Yes.

25            THE COURT:  Okay.  And are those your signature and
```

1   your client's?

2          MS. UYEDA:  Yes, Your Honor.

3          THE COURT:  Okay.  And Mr. Caro is ready to proceed

4   with the taking of a guilty plea at this time?

5          MS. UYEDA:  He is, Your Honor.

6          THE COURT:  Is Julio Caro your true name?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Mr. Caro, your lawyer says you want to

9   plead guilty to the single-count Information in this case.

10          Is that what you want to do?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Before I can accept your guilty plea, I

13   have to ask you some questions to make sure that you understand

14   the nature of the charges against you, you understand the

15   consequences of pleading guilty, you understand that if you are

16   to plead guilty, you'll have to waive, that is, give up,

17   certain of your constitutional rights in connection with these

18   proceedings.

19          Do you understand that?

20          THE DEFENDANT:  Yes, I do.

21          THE COURT:  But before I ask you any of those

22   questions, my clerk will place you under oath.  You must

23   understand that after you are sworn, you must tell me the

24   truth.  If you don't, you could be subject to further and

25   additional prosecution.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1          Do you understand that?

2          THE DEFENDANT:  Yes, I do.

3          THE COURT:  All right.  Paul, would you please swear

4     the defendant.

5          THE CLERK:  Sir, please raise your right hand.

6          Do you solemnly swear that answers you give to the

7     questions asked of you by the Court shall be the truth, the

8     whole truth and nothing but truth, so help you God?

9          THE DEFENDANT:  I do.

10         THE COURT:  Mr. Caro, you are charged in the

11    single-count Information with interstate transportation of

12    stolen property.

13         Have you personally read the entirety of this

14    Information?

15         THE DEFENDANT:  Yes, I have.

16         THE COURT:  Have you had an adequate opportunity to

17    review this charge with your lawyer?

18         THE DEFENDANT:  Yes, I have.

19         THE COURT:  Do you believe you understand the nature

20    of the charges against you in this information?

21         THE DEFENDANT:  I do.

22         THE COURT:  You understand that in order to be guilty

23    of this charge, certain things must be true.

24         They are as follows:

25         One, that you transported, transmitted or transferred

1    stolen property between one state and another;

2           Two, at the time the property crossed the state

3    border, you knew it was stolen;

4           Three, you intended to deprive the owner of the

5    ownership of the property; and,

6           Four, that the money or property had a value of

7    $5,000 or more.

8           Do you understand that?

9           THE DEFENDANT:  Yes, I do.

10          THE COURT:  Did you do the things that are charged

11   against you in this Information?

12          THE DEFENDANT:  Yes, I did.

13          THE COURT:  There is also a factual basis in support

14   of your guilty plea and it is part of the plea agreement.  It

15   is paragraph 10.  It begins on page 6 and goes through page 7

16   to the top of page 8.

17          Have you personally read this factual basis?

18          THE DEFENDANT:  Yes, I have.

19          THE COURT:  Have you had an adequate opportunity to

20   review this factual basis with your lawyer?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you understand this factual basis?

23          THE DEFENDANT:  I do.

24          THE COURT:  Do you agree with it?

25          THE DEFENDANT:  I do.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
1              THE COURT:  Did you do the things that this factual
2    basis says that you did, in violation of the single-count
3    Information?
4              THE DEFENDANT:  Unfortunately, yes.
5              THE COURT:  How old are you?
6              THE DEFENDANT:  I'm 56.
7              THE COURT:  How much education have you had?
8              THE DEFENDANT:  Bachelor of Arts.
9              THE COURT:  Have you been advised of the maximum
10   sentence that the Court can impose upon you for your guilty
11   plea to this charge?
12             THE DEFENDANT:  Yes, I have.
13             THE COURT:  You understand that the maximum sentence
14   the Court can impose upon you is ten years' imprisonment, plus
15   a three-year period of supervised release, plus a fine of
16   $250,000, or twice the gross gain or gross loss resulting from
17   the offense, whichever is the greatest, plus a mandatory
18   special assessment of $100?
19             Do you understand that?
20             THE DEFENDANT:  I do.
21             THE COURT:  Do you understand that the Court can
22   impose all of those penalties on you?
23             THE DEFENDANT:  I do.
24             THE COURT:  Also, as part of the plea agreement, you
25   will be required to pay full restitution to the victims of the
```

1    offense, and you agree that in return for the United States

2    Attorney's Office's compliance with its obligations under this

3    plea agreement, the Court can order you to pay restitution to

4    persons other than the victim of the offense to which you are

5    pleading guilty and in amounts greater than those alleged in

6    that count for which you are pleading guilty.

7              Do you understand that?

8              THE WITNESS:  Yes, I do.

9              THE COURT:  Also, if I put you on supervised release,

10   if you were to violate a term or condition of that release, you

11   could have the term of your supervised release revoked, and I

12   can send you back to prison for all or part of the term of your

13   supervised release.

14             Do you understand that?

15             THE DEFENDANT:  Yes, I do.

16             THE COURT:  And that would be in addition to any term

17   of imprisonment that I may order initially at sentencing.

18             Do you understand that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Understanding everything I've told you so

21   far, do you still want to plead guilty?

22             THE DEFENDANT:  Yes, I do.

23             THE COURT:  Under current sentencing laws, the Court

24   is required to consider the sentencing guidelines.  In order to

25   properly consider the guidelines, I have to calculate what your

1    offense level is and what your criminal history category is.

2            Once I have calculated those two factors, the

3    guidelines will suggest to me, on an advisory basis only, a

4    range of months of incarceration to impose in your case.  But

5    that's not the end of the matter because I must consider many

6    other factors, including, but not limited to, the nature and

7    circumstances of the offense, your prior history and

8    characteristics, the seriousness of the offense, the need to

9    promote respect for the law, to provide just punishment, to

10   promote deterrence, to protect the public and many other

11   factors.

12           Once I've considered all of these factors, including

13   the guidelines, I will impose a sentence that I determine to be

14   sufficient but not more than necessary in order to achieve all

15   of the relevant goals of sentencing.

16           Do you understand that?

17           THE DEFENDANT:  Yes, I do.

18           THE COURT:  You have no right to expect that your

19   sentence will necessarily be within whatever guideline range I

20   calculate because it could be in that range, it could be less

21   than that range or it could be more than that range just so

22   long as it doesn't go above the statutory maximum that I've

23   already mentioned to you.

24           Do you understand that?

25           THE DEFENDANT:  Yes.

1          THE COURT:  You also have the right to appeal a

2    sentence that the Court imposes on you.

3          Do you understand that?

4          THE DEFENDANT:  Yes.

5          THE COURT:  However, as part of the plea agreement

6    that you have with the government, at paragraph 17 on page 11,

7    you have entered into what we call a limited waiver of your

8    right to appeal the sentence.

9          Have you personally read paragraph 17?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Have you had an adequate opportunity to

12   review it with your lawyer?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Do you understand that if the

15   circumstances described in paragraph 17 were to exist, then you

16   would have waived, that is, given up even your right to appeal

17   your sentence?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Do you now enter into this limited waiver

20   of your right to appeal your sentence under the conditions set

21   forth in paragraph 17?

22         THE DEFENDANT:  Yes.

23         THE COURT:  And are you doing so freely and

24   voluntarily?

25         THE DEFENDANT:  I am.

1          THE COURT:  Have you discussed this case thoroughly

2    with your lawyer?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Have you held anything back from her?

5          THE DEFENDANT:  No.

6          THE COURT:  You have certain constitutional and

7    statutory rights in connection with these proceedings, and they

8    are as follows.

9          You are entitled to a speedy and public trial.  Even

10   though you're now offering a guilty plea, you don't have to do

11   that.  You have the right to persist in a not guilty plea and

12   to insist on going to trial.

13         If you go to trial, you're entitled to a trial by

14   jury, or trial by the Court alone if jury trial is given up by

15   all of the parties.

16         But in either kind of trial, you don't have to prove

17   your innocence.  It is the burden of the government to prove

18   your guilt beyond a reasonable doubt.

19         At that trial, you have the right to confront and

20   cross-examine any witness who may be called to testify against

21   you.

22         At that trial, you have the right to use the

23   compulsory processes of the Court in order to security presence

24   of witnesses or other evidence to use in your own behalf at

25   that trial.

1          At that trial, you have the right to testify on your

2    own behalf but you cannot be compelled to be a witness against

3    yourself.

4          You have the right to the assistance of counsel

5    through each and every stage of the proceedings, and that, of

6    course, includes trial if you were to go to trial.

7          If you can't afford to hire your own lawyer, you have

8    the right to ask the Court to have an attorney appointed to

9    represent you at no cost to you.

10         And you also have the right to have your release

11   conditions pending trial determined pursuant to the Bail Reform

12   Act of 1984.

13         Now, has your lawyer explained these rights you to?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Are you satisfied that she has done

16   everything possible for you under the circumstances?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Do you understand that by pleading

19   guilty, you will be giving up your constitutional right to a

20   trial of any kind?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you give up that right?

23         THE DEFENDANT:  I do.

24         THE COURT:  Do you understand that by pleading

25   guilty, you will be giving up your privilege against

```
1   self-incrimination?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Do you give up that privilege?

4           THE DEFENDANT:  Yes, I do.

5           THE COURT:  Do you understand that by pleading

6   guilty, you will be giving up your right to confront and

7   cross-examine witnesses who otherwise might be called to

8   testify against you at a trial?

9           THE DEFENDANT:  Yes, I do.

10          THE COURT:  Do you give up that right?

11          THE DEFENDANT:  I do.

12          THE COURT:  Do you understand that by pleading

13  guilty, you'll be giving up your right to obtain witnesses or

14  other evidence to use in your own behalf at a trial?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you give up that right?

17          THE DEFENDANT:  I do.

18          THE COURT:  Do you understand that by pleading

19  guilty, you will be giving up any right to appeal whatsoever,

20  except for what may remain of your right to appeal your

21  sentence?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you give up that right?

24          THE DEFENDANT:  I do.

25          THE COURT:  Are you pleading guilty freely and
```

```
 1    voluntarily?

 2              THE DEFENDANT:  I am.

 3              THE COURT:  Has anybody threatened you or brought

 4    fear to bear upon you, your family or your relatives in order

 5    to get you to plead guilty?

 6              THE DEFENDANT:  No.

 7              THE COURT:  There is a written plea agreement in this

 8    case, Mr. Caro.  It is in a totality of 16 pages, and it has as

 9    Exhibit A a copy of the proposed Information to which you are

10    now pleading guilty.

11              Have you personally read the entirety of this plea

12    agreement?

13              THE DEFENDANT:  Yes, I have.

14              THE COURT:  Have you had an adequate opportunity to

15    review anything and everything that you care to about this plea

16    agreement with your lawyer?

17              THE DEFENDANT:  Yes, I have.

18              THE COURT:  Do you think you need any more time to

19    talk it over with her before we proceed further?

20              THE DEFENDANT:  No, Your Honor.

21              THE COURT:  Do you believe you understand all of the

22    terms and conditions of this plea agreement?

23              THE DEFENDANT:  I do.

24              THE COURT:  And then are these your signatures on

25    pages 14 and 15?
```

```
 1                    THE DEFENDANT:  Yes.

 2                    THE COURT:  And, Ms. Uyeda, are these your signatures

 3      on pages 14 and 16?

 4                    MS. UYEDA:  Yes, Your Honor.

 5                    THE COURT:  Mr. Caro, you understand that this is an

 6      agreement that you have with the United States government, but

 7      that you don't have any agreement with me?

 8                    Do you understand that?

 9                    THE DEFENDANT:  Yes.

10                    THE COURT:  In other words, I'm not bound by what the

11      government says it would do for you.

12                    Do you understand that?

13                    THE DEFENDANT:  Yes.

14                    THE COURT:  So even though, of course, I would also

15      consider what the government has to say or what you and your

16      lawyers have to say, I'm not bound to accept anything that you

17      folks tell me because I get to decide what sentence you should

18      receive.

19                    Do you understand that?

20                    THE DEFENDANT:  I do understand.

21                    THE COURT:  But I take it that you are pleading

22      guilty, at least in part, based upon the statements made to you

23      by the government in the written plea agreement; is that right?

24                    THE DEFENDANT:  Yes.

25                    THE COURT:  I want you to know that the only
```

```
 1   statements, promises, representations of any kind from the
 2   government on which you can rely to do anything must be those
 3   that are actually physically written down in this written plea
 4   agreement.
 5           Do you understand that?
 6           THE DEFENDANT:  I do.
 7           THE COURT:  Now, I'm not saying that it happened, but
 8   should it have happened that the government made other
 9   statements to you that didn't get written down in this written
10   plea agreement, then those other kinds of statements are of no
11   force and effect and you can not rely upon them to do anything,
12   much less to plead guilty.
13           Do you understand that?
14           THE DEFENDANT:  I understand.
15           THE COURT:  Are you relying only upon the written
16   statements made to you by the government in this written plea
17   agreement in order to plead guilty today?
18           THE DEFENDANT:  Yes, I am.
19           THE COURT:  Understanding everything I have said to
20   you so far about the plea agreement, do you still want to plead
21   guilty?
22           THE DEFENDANT:  I do.
23           THE COURT:  Are you a citizen of the United States?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Do you understand that the matter of
```

1    sentencing will be decided by the Court and by no one else?

2              THE DEFENDANT:  Yes, I do.

3              THE COURT:  Has your lawyer or anybody else already

4    promised you the actual sentence that you will be receiving in

5    this case?

6              THE DEFENDANT:  No.

7              THE COURT:  Are you pleading guilty for the sole

8    reason in truth and in fact you are guilty?

9              THE DEFENDANT:  Yes, I am.

10             THE COURT:  Is your mind clear so you know what

11   you're doing here today?

12             THE DEFENDANT:  Yes, it is.

13             THE COURT:  Have you had any alcohol, drugs or

14   medication within the last 48 hours such that it might affect

15   or impair your ability to understand what you're doing here

16   today?

17             THE DEFENDANT:  No, sir.

18             THE COURT:  Mr. Caro, you understand that if there's

19   any reason to claim that your guilty plea is not freely,

20   voluntarily and understandingly offered, now would be the time

21   to speak out because once you do plead guilty, you'll be

22   telling me that you're not pleading guilty because of any

23   promises outside of the written plea agreement, you're not

24   pleading guilty because of any threats, mistreatment or

25   misunderstanding of any kind, but only because you wish to

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1    admit that you are, in fact, guilty.

 2              Do you understand that?

 3              THE DEFENDANT:  I do.

 4              THE COURT:  Can you think of any reason whatsoever

 5    why I should refuse to accept your guilty plea?

 6              THE DEFENDANT:  No, Your Honor.

 7              THE COURT:  How do you now plead to the single-count

 8    Information, guilty or not guilty?

 9              THE DEFENDANT:  Guilty.

10              THE COURT:  Ms. Uyeda, have you fully advised your

11    client?

12              MS. UYEDA:  Yes, Your Honor.

13              THE COURT:  Have you made any promises about the

14    sentence that he will, in fact, receive in this case?

15              MS. UYEDA:  No, Your Honor.

16              THE COURT:  Do you concur in his plea?

17              MS. UYEDA:  Yes, Your Honor.

18              THE COURT:  Is it made with your advice and consent?

19              MS. UYEDA:  It is, Your Honor.

20              THE COURT:  Is there a factual basis for his guilty

21    plea in your judgment?

22              MS. UYEDA:  Yes, Your Honor.

23              THE COURT:  And do you believe his plea to be made

24    voluntarily with an understanding of the nature of the charges

25    and the consequences thereof?
```

1          MS. UYEDA:  Yes, Your Honor.

2          THE COURT:  All right.  Thank you, counsel.

3          The Court makes the following findings and order.

4          The defendant having appeared with his counsel who

5    represents that she has conferred with the defendant and that

6    the defendant is pleading guilty with her advice and consent;

7    the Court having addressed the defendant personally, having

8    asked him questions under oath to determine that his guilty

9    plea is made voluntarily with an understanding of the nature of

10   the charges, the consequences thereof, and to determine if the

11   defendant is, in fact, guilty; the Court having observed the

12   defendant, his demeanor, his manner, his intelligence and his

13   attitude, the Court finds the defendant to be free of any

14   coercive influences of any kind, that he is pleading guilty

15   because he did actually commit the crime charged, and that

16   there is no other reason why the Court should not accept his

17   guilty plea because he is, in fact, guilty as charged.

18         It is, therefore, ordered this guilty plea be

19   accepted.  His plea is determined and adjudicated to have been

20   made voluntarily with an understanding of the nature of the

21   charges, the consequences thereof and that there is a basis in

22   fact for this plea.

23         Paul, would you please suggest a sentencing date.

24         THE CLERK:  November 7, 2016, at 11:00 a.m.

25         THE COURT:  Is that satisfactory with the United

1   States?

2           MS. KUMAR:  It is, Your Honor.

3           THE COURT:  And with you, Ms. Uyeda?

4           MS. UYEDA:  Yes, Your Honor.

5           THE COURT:  Sentencing will be set for November 7,

6   2016, 11:00 a.m.

7           Mr. Caro, you are ordered to be here at that time.

8           Do you understand that?

9           THE DEFENDANT:  Yes.

10          THE COURT:  And you are also ordered to cooperate

11  fully with the probation officer in the preparation of a

12  Pre-sentence Report.

13          Do you understand that?

14          THE DEFENDANT:  I do.

15          THE COURT:  All right.  Anything further at this

16  time, counsel?

17          MS. KUMAR:  Nothing from the government, Your Honor.

18          MS. UYEDA:  No, Your Honor.  Thank you.

19          THE COURT:  All right.  Thank you very much.

20      (Proceedings concluded 3:15 P.M.)

21                          --oOo--

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1

2

3                              CERTIFICATE

4

5        I hereby certify that pursuant to Section 753,

6   Title 28, United States Code, the foregoing is a true and

7   correct transcript of the stenographically reported

8   proceedings held in the above-entitled matter and that the

9   transcript page format is in conformance with the

10  regulations of the Judicial Conference of the United States.

11

12  Date: JANUARY 8, 2017

13

14

15                    _____

16                    Cindy L. Nirenberg, CSR No. 5059

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA