HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
JENNIFER J. UYEDA (Bar No. 238602)
(E-Mail: Jennifer_Uyeda@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-7524
Facsimile: (213) 894-0081

Attorneys for Defendant
JULIO CARO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JULIO CARO,<br><br>　　　　Defendant. | Case No. 16-CR-489-GHK<br><br>**STIPULATION TO MODIFY CONDITIONS OF SUPERVISED RELEASE** |

　　　IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, United States of America, by and through Assistant United States Attorney Poonam Kumar, and defendant Julio Caro, by and through his attorney of record, Deputy Federal Public Defender, Jennifer J. Uyeda, that:

　　　1.　On November 7, 2016, Mr. Caro was sentenced to a term of imprisonment of 18 months to be followed by a three-year term of supervised release. As one of his conditions of bond, the Court ordered that:

> The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving movie or video production, investment programs or any other business involving the solicitation of funds or cold calls to customers without the express approval of the Probation Officer prior to engaging in such employment. Further, the defendant shall

> provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant as directed by the Probation Officer. This condition is modified to apply to financial or money matters over which the defendant has direct access or control.

(Judgment and Commitment Order, Condition #4, Dkt #34, Filed January 4, 2017.) In modifying and imposing that condition, the Court intended to allow Mr. Caro to work in the movie and video production industry. The Court, however, restricted Mr. Caro from working on the financial or business side of the movie and video production industry. (*See* Transcript of Sentencing Hearing, Dkt#37, Filed January 13, 2017) (In response to counsel's objection of the condition because Mr. Caro will be working on the production side of a film, commercial, or movie, the Court stated "I think what we can do is use this language. We can make it very clear on the record so that the probation officer understands that he would have to some personal involvement with either soliciting funds or cold calling customers for money or otherwise engaged in any aspect of investing money or handling or managing the money of it, and that with that clarification, when he was something, if he has something, he should talk to his probation officer, who of course, will comply with the clarification I will make and I have already made.")

    2.    On or about February 9, 2018, Probation Officer Helen Zaytseva informed the parties that the condition in the Judgment and Commitment Order must clearly state that Mr. Caro is allowed to work in the movie and video production, and that the Probation Office cannot rely on the record even if the Court intended it.

    3.    The parties therefore respectfully request that Condition #4 be modified to read:

> The defendant shall not engage, as whole or partial owner, employee or otherwise, in any business involving movie or video production, investment programs or any other business **in which he would be personally or directly involved in**

**the business aspect of the production such as the** solicitation of funds or cold calls to customers without the express approval of the Probation Officer prior to engaging in such employment. Further, the defendant shall provide the Probation Officer with access to any business owned, in whole or in part, by the defendant, as directed by the Probation Officer. **This condition does not preclude the defendant from working in movie or video production.**

4. On February 13, 2018, Probation Officer Zaytseva informed the parties that the Probation Office does not object to this language or modification.

For all these reasons, the parties hereby stipulate that the Court should modify Condition #4 as stated above in paragraph 3.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: February 15, 2018        By  */s/ Jennifer J. Uyeda*
JENNIFER J. UYEDA
Deputy Federal Public Defender
Attorney for JULIO CARO

NICOLA HANNA
Acting United States Attorney

DATED: February 15, 2018        By  */s/ Poonam Kumar*
POONAM KUMAR
Assistant United States Attorney